IN THE UNITEST STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff** | ) | CASE NO. 1:11-CR-282 |
| | ) | |
| | ) | **JUDGE DAN A. POLSTER** |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **JAMES J. SCAMPITILLA,** | ) | |
| | ) | |
| **Defendant** | ) | |

### MEMORANDUM

Before the Court is Defendant James J. Scampitilla's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release, **ECF Doc. 54**. For the foregoing reasons, Defendant Scampitilla's motion is **GRANTED**.

### I. Background

On November 15, 2011, Defendant Scampitilla was sentenced to 151 months of imprisonment, and three (3) years of supervised release, after pleading guilty to one count of Unarmed Bank Robbery, 18 U.S.C. § 2113(a). *See* ECF Doc. #: 27. Scampitilla is currently being held at USP Canaan and has a release date of August 28, 2022.[1] He suffers from Type 2 diabetes mellitus, obesity, and hypertension. *See* ECF Doc. #: 54, Ex. 1. He asks the Court through counsel to release him immediately because these conditions have life-threatening consequences if he were to contract COVID-19, and due to the fact that he has recently been in transit and is therefore at

---

[1] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 24, 2021).

1

increased risk of contraction.[2] On February 26, 2021, the Government filed a response in opposition. ECF Doc. 57. Defendant Scampitilla filed his reply on March 12, 2021. ECF Doc. 60.

## II. Discussion[3]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community; and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Taylor*, Case No. 4:19 CR 206, 2021 U.S. Dist. LEXIS 19541, at *2 (N.D. Ohio Feb. 2, 2021).

**A. Extraordinary and Compelling Reasons**

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[4] Scampitilla suffers from Type 2 diabetes mellitus and obesity; each puts him at risk for severe complications from

---

[2] When the Motion was filed, Scampitilla had recently been moved from USP Mcreary to FTC Oklahoma City, and was awaiting reassignment to another long-term facility. ECF No. 54, at 6-7. By the time of his Reply brief, Scampitilla had been placed in USP Canaan, where he remains at present. ECF No. 60, at 2.
[3] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Scampitilla has satisfied the exhaustion requirement.
[4] People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 24, 2021).

COVID-19. In addition, he has hypertension, a condition that may carry with it an increased risk of complications.[5]

While the Government disputes Scampitilla's claims to suffering from obesity and hypertension, they acknowledge the presence of diabetes. *See* ECF Doc. #: 57, at 15-16. And it does not contest the presence of COVID-19 in the facilities to which Scampitilla has been transferred. As such, the Government has conceded that Scampitilla satisfies the requirements of the "extraordinary and compelling reasons" test. ECF Doc. 57, at 17. The Court can therefore accept this assertion without further inquiry and move on to consider the other factors.

**B. § 3553 Factors[6]**

The Court, in sentencing an individual, must hand down a term that is "sufficient, but not greater than necessary, to comply with the purposes" of incarceration. 18 U.S.C. § 3553(a). These purposes also bear strongly on whether a court can modify a sentence after the fact. Among the factors the Court weighs are the nature and circumstance of the offense, the defendant's history and characteristics, and the need to promote respect for the law. 18 U.S.C. § 3553(a)(1) & (2). Another element that a court can consider is the length of the original sentence and the proportion of that sentence served. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *see also United States v. Relliford*, 2021 U.S. App. LEXIS 5188, at *3 (6th Cir. Feb. 22, 2021) ("[T]he length of time remaining on [Defendant]'s sentence . . . is relevant to several of the § 3553(a) factors.").

While the Government insists that Scampitilla's criminal history shows a pattern of violent conduct, it also admits that these crimes were committed long ago. *See* ECF No. 57, at 18. Given

---

[5] *Id.*
[6] Due to significant overlap between factors the Court must consider when analyzing a defendant's danger to the community and the § 3553(a) sentencing factors, the Court will address both in one section.

3

that Scampitilla is set to be released regardless in no more than approximately 17 months, the Court now affords his prior criminal record little weight. *See United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives."). Scampitilla's last violent offense occurred half a decade before the offense for which he is currently held. And the bank robbery, while it included a threat, was committed while Scampitilla was unarmed. *See United States*, 2021 U.S. App. LEXIS 5188, at *2-3 (finding that the district court properly considered the § 3553(a) factors when looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). He has made strides in prison, including completing several certificate programs, and has family willing to take him in upon release. *See* ECF Doc. ##: 54, at 9-10 and Ex. C. As such, it does not appear that he poses a danger to the safety of any person or the community.

Further, the sentence would seem to have served its purpose. As the defendant notes, assuming a standard relocation to a halfway home with six (6) months remaining, Scampitilla has less than a year left on his prison sentence. *See* ECF Doc. #: 54, at 2. Scampitilla served nearly a decade behind bars, and therefore a reduction would account for less than 10% of his sentence. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *30 (6th Cir. Nov. 20, 2020) ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). The Court does not overlook the difficulties of receiving necessary addiction treatment while in BOP custody and hopes that Scampitilla will seek additional treatment upon release.

Accordingly, upon careful consideration, because the § 3553(a) factors tend to support releasing Scampitilla, the Court finds that he meets all the factors necessary for compassionate release.

### III. Conclusion

The time Scampitilla has served is sufficient punishment, particularly considering the likelihood of severe medical complications or death should he contract COVID-19. The Court sincerely hopes Scampitilla will go forth and live a law-abiding life.

The Court hereby reduces Scampitilla's sentence to time served, plus up to 10 days in the discretion of BOP to quarantine Scampitilla prior to release. Scampitilla's term of supervised release remains at three (3) years, subject to the terms imposed at sentencing.

For the above reasons, Defendant Scampitilla's Motion, **ECF Doc. 54**, is **GRANTED**.

**IT IS SO ORDERED.**

                                                                       */s/ Dan Aaron Polster March 25, 2021*
                                                                       **Dan Aaron Polster**
                                                                       **United States District Judge**